UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EVY MARTINEZ,<br>　*Plaintiff*,<br><br>v.<br><br>VISIONPRO NETWORKS INC.,<br>VISIONPRO CORPORATION, *et al.*,<br>　*Defendants*. | No. 3:24-cv-01990 (KAD) |

**ORDER DENYING [16] MOTION TO DISMISS**

Kari A. Dooley, United States District Judge

　　Defendants VisionPro, VisionPro Corporation, and VisionPro Systems, Inc. move to dismiss this Title VII action under Rule 12(b)(1), claiming they were not named in Plaintiff's Equal Employment Opportunity Commission ("EEOC") charge and are thus outside the Court's jurisdiction. However, since the Supreme Court handed down *Fort Bend County v. Davis*, 587 U.S. 541 (2019), it is black-letter law that failure to meet Title VII's administrative exhaustion requirement does not implicate this Court's subject matter jurisdiction. As the motion seeks no alternative relief, the motion may be denied on this basis alone. Notwithstanding, for the reasons discussed below, even assessing the motion as brought under Rule 12(b)(6), Plaintiff's allegations and the record suffice to invoke the Second Circuit's "identity of interest" exception to the exhaustion requirement. Although moving Defendants posit otherwise, Plaintiff's failure to name all Defendants in her EEOC charge was not a strategic naming error. The operative complaint plausibly alleges a unified enterprise operating under the VisionPro brand and name—with one decision-maker, one office, one playbook.

　　Accordingly, and for the reasons set forth below, the Court DENIES the motion to dismiss.

1

## ALLEGATIONS

Plaintiff Evy Martinez alleges that she was hired on October 8, 2021, as the only female Line Technician employed by VisionPro in the Connecticut region. Doc. #10 at ¶¶ 8-9. The job came with promises: full-time hours, a $2,000 sign-on bonus, a uniform, a company vehicle, tools, and health insurance. *Id.* at ¶ 10. In practice, these promises were illusory. She was paid per order, not hourly, *id.* at ¶ 11; denied a uniform and health benefits, *id.* at ¶¶ 12-13; and never received the promised bonus, *id.* at ¶ 15. Tools were broken or missing, *id.* at ¶ 14, and her male counterparts allegedly received all the benefits she did not, *id.* at ¶ 16.

Martinez's supervisor, Christian Rivera, a central figure in the alleged discrimination, from the outset leveraged his authority to pressure her into flirtation and intimacy. When she asked for work tools, he would respond, "Too bad I ain't get a kiss . . . then u might have had a rate sheet." *Id.* at ¶ 20. His messages escalated from lunch invitations to comments like "get the blistex ready," and texts asking for photos with lines like "I'm still waiting for my pics, my lunch, my desert [sic]." *Id.* at ¶¶ 21-24. When Martinez rebuffed these advances, her hours were slashed. *Id.* at ¶ 25.

On August 2, 2022, her company truck broke down. Two days later, Rivera arranged for its repair—and then, silence. *Id.* at ¶¶ 27-28. The truck was never returned, and Martinez was never called back to work. She alleges she was effectively terminated for refusing Rivera's sexual advances. *See id.* at ¶ 53. The Amended Complaint asserts three counts under Title VII: gender discrimination, hostile work environment/sexual harassment, and retaliatory discharge. *Id.* at ¶¶ 29-55.

Martinez initially filed an EEOC charge solely against Vision Pro, and thereafter received a right-to-sue letter against VisionPro Networks, Inc., which the EEOC had named as the

2

respondent in its proceedings. Despite this, the Amended Complaint names the additional entities: VisionPro, VisionPro Installations Corporation, VisionPro Systems, Inc., and VisionPro Corporation. *See id.* at ¶ 5; Doc. #16-1 at 1.[1] The Amended Complaint alleges that all of these entities operate under the "VisionPro" brand. Doc. #10 at ¶ 3.

## STANDARD OF REVIEW

The standards that govern a motion to dismiss under Rules 12(b)(1) and 12(b)(6) are well established. Under Rule 12(b)(1), a complaint may not survive unless it alleges facts that, taken as true, give rise to plausible grounds to sustain federal subject matter jurisdiction. *See Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 155-56 (D. Conn. 2016).

Similarly, it is well established that to survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This "plausibility" requirement is "not akin to a probability requirement," but it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678; *Charles v. Orange Cnty.*, 925 F.3d 73, 81 (2d Cir. 2019) (same). In addition, a court is "not bound to accept as true a legal conclusion couched as a factual allegation" or "to accept as true allegations that are wholly conclusory." *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014).

## DISCUSSION

---

[1] The Court notes that the spelling of Vision Pro Networks, Inc., is inconsistent throughout the briefing. Sometimes it is VisionPro Networks, Inc., and other times it is Vision Pro Networks, Inc. *Compare, e.g.*, Doc. #10 at 1, *with* Doc. #16-1 at 1. The EEOC used VisionPro Networks, Inc. *See* Doc. #16-1 at 12. The Court adopts VisionPro Networks, Inc. in this Order.

3

Defendants seek dismissal based on the Plaintiff's failure to name the moving Defendants in her EEOC charge. But the motion misstates both the law and the record. Title VII's administrative exhaustion requirement is not jurisdictional—it is a claim-processing rule. *See Fort Bend Cty.*, 587 U.S. at 550 (2019). To the extent the motion seeks dismissal under Rule 12(b)(1) it is DENIED.[2] The Court will, however, assess the Amended Complaint under Rule 12(b)(6) standards. So framed, dismissal is unwarranted.

### *Identity-of-Interest Exception Applies*

Before bringing a Title VII claim in federal court, a plaintiff must first exhaust administrative remedies by filing a charge with the EEOC and obtaining a right-to-sue letter. *See McPherson v. N.Y.C. Dep't of Educ.*, 457 F.3d 211, 213 (2d Cir. 2006); 42 U.S.C. § 2000e-5(f)(1). The purpose of this requirement is to give the agency an opportunity to investigate the alleged conduct and encourage voluntary resolution of disputes before litigation. As the Supreme Court has made clear, however, this exhaustion requirement is a claim-processing rule, not a jurisdictional bar. *Fort Bend Cty.*, 587 U.S. at 550. Thus, failure to name a particular defendant in an EEOC charge may, in appropriate cases, be excused under the judicially recognized "identity of interest" exception, particularly where the omission did not frustrate the purposes of administrative review and conciliation. Here, Plaintiff filed her EEOC charge against "VisionPro," and has now sued five VisionPro-related entities: VisionPro Networks, Inc., VisionPro Corp., VisionPro Installations Corp., VisionPro Systems, Inc., and the umbrella VisionPro entity itself. *See* Doc. #10 at ¶ 5.[3] While only one of these was named in the EEOC proceeding, courts in this Circuit allow Title VII claims to proceed against unnamed parties

---

[2] Moving Defendants do not advance any alternative arguments regarding the sufficiency of the allegations pursuant to Rule 12(b)(6).

[3] Again, although the charge was filed against VisionPro, the EEOC named VisionPro Networks, Inc., as the respondent in its proceedings. *See* Doc. #16-1 at 1, 9.

when there is a "clear identity of interest." *Johnson v. Palma*, 931 F.2d 203, 209 (2d Cir. 1991); *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 619 (2d Cir. 1999).

This exception reflects Title VII's remedial purpose and ensures that procedural technicalities do not defeat meritorious claims. *See Palma*, 931 F.3d at 209 ("Because [EEOC] charges generally are filed by parties not versed in the vagaries of Title VII and its jurisdictional and pleading requirements, we have taken a 'flexible stance in interpreting Title VII's procedural provisions.'" (citation omitted)); *see also Dortz v. City of New York*, 904 F. Supp. 127, 142 (S.D.N.Y. 1995). Courts apply a four-part test to assess whether such an identity of interest exists, focusing on the relationship between the parties and whether the goals of administrative notice and voluntary compliance were satisfied:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Vital*, 168 F.3d at 619 (quoting *Johnson*, 931 F.3d at 209-10). The Court analyzes each prong in turn.

First, regarding ascertainability, the corporate structure here was complex and opaque. Plaintiff alleges her employer represented itself only as "VisionPro," a brand that encompassed multiple entities operating from the same headquarters in New York. Doc. #10 at ¶¶ 3-5. At the EEOC charge stage, it is highly unlikely she had a way to discern which legal entity she was technically employed under. Indeed, Defendants themselves clarified *one month* into the EEOC

5

process that "VisionPro Networks, Inc." and not "VisionPro" was the actual employing entity. Doc. #16-1 at 12.

The second factor—whether the interests of the named and unnamed parties were so similar that separate inclusion in the EEOC charge was unnecessary—also favors Plaintiff. The Amended Complaint alleges that all VisionPro entities shared an address, management, and operations. *See also Percy v. New York (Hudson Valley DDSO)*, 264 F. Supp. 3d 574, 591-92 (S.D.N.Y. 2017) (canvassing cases finding that an identity of interest does or does not exist depending on how intertwined they are in their functioning). There is no indication that the unnamed entities lacked notice of the EEOC proceedings or that they had distinct interests that would have required independent conciliation.

The third factor also weighs against dismissal. Prejudice in this context turns on whether the unnamed party was deprived of an opportunity to respond to the EEOC's investigation. Here, as discussed above, the record and allegations indicate that the VisionPro entities operated as a unified business and shared operational infrastructure and management. The EEOC charge was filed against "VisionPro," and there is no indication that the moving Defendants were unaware of the administrative proceedings. *See* Doc. #16-1 at 12. To the contrary, the federal court enforcement action arising from the EEOC's subpoena efforts confirms that VisionPro and/or VisionPro Networks, Inc.—regardless of the formal entity named in the charge—were actively, in concert, responding to the agency's requests and defending their interests. *See, e.g.*, Doc. #16-1 at 12-18. Thus, the moving Defendants reliance upon their distinct legal status does not establish actual prejudice for purposes of the exception. Indeed, allowing the distinct status to defeat Plaintiff's claims under these circumstances would allow for the kind of post hoc formalism that the identity-of-interest doctrine is designed to avoid. Where, as here, the unnamed

parties were on notice and functionally involved in the administrative process, the absence of formal inclusion in the EEOC charge causes no cognizable harm.

Fourth, with respect to representations made to Plaintiff, she alleges she was given no employee handbook, no contact beyond Rivera, and that there was no transparency about which VisionPro entity in fact employed her. *See* Doc. #10 at ¶¶ 5, 26. That lack of clarity weighs strongly in favor of allowing the claims to proceed against all related corporate entities.

The Defendants' arguments to the contrary do not change the Court's conclusion. *See generally* Doc. #23. At this stage, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in Plaintiff's favor. She has alleged she was hired and supervised under the unified trade name "VisionPro," that there is a single shared headquarters among the entities, and that the corporate structure at issue was deliberately opaque, leaving her with no clear means to discern which entity formally employed her. She further alleges she had no other point of contact beyond her supervisor Rivera and that all VisionPro entities operated as a single integrated enterprise under common personnel and management. These factual allegations suffice to plead an employment relationship[4] and support the application of the "identity of interest" exception to Title VII's exhaustion requirement.[5]

## CONCLUSION

---

[4] The Court construes the Amended Complaint as alleging direct employment; coemployment and/or joint employment by the various Defendants. "The joint employer doctrine, along with the 'single employer' (or 'single integrated employer') doctrines have been developed to allow a plaintiff to assert employer liability in the employment discrimination context against entities that are not h[is] formal, direct employer." *Griffin v. Sirva Inc.*, 835 F.3d 283, 292 (2d Cir. 2016) (citation omitted). In determining whether an entity constitutes a joint employer, courts in this Circuit are directed to consider a list of "non-exhaustive factors drawn from the common law of agency, including control over an employee's hiring, firing, training, promotion, discipline, supervision, and handling of records, insurance, and payroll." *Felder v. United States Tennis Assoc.*, 27 F.4th 834, 838 (2d Cir. 2022).

[5] Defendants are of course free to pursue these defenses throughout the discovery period; by summary judgment and/or at trial. The Court opines only on whether Plaintiff has adequately alleged an employment relationship with the moving Defendants and whether the "identity of interest" exception to the exhaustion requirement is sufficiently alleged. As both inquiries overlap substantially, the Court leaves the merits of these issues to another day.

For the reasons set forth above, the Motion to Dismiss [16] is DENIED.

It is so ordered.

Dated at Bridgeport this 21st day of July 2025.

/s/ *Kari A. Dooley*
Kari A. Dooley
United States District Judge